**SO ORDERED.**

**SIGNED this 04th day of August, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division**

| | |
|---|---|
| IN RE<br><br>DEBORAH ANN BENNETT, f/k/a DEBORAH RANDLEAS, f/k/a DEBORAH BOUCHARD<br><br>*DEBTOR* | BANKR. CASE NO.<br><br>10-51621-C<br><br>CHAPTER 7 |
| DEBORAH ANN BENNETT<br><br>*PLAINTIFF*<br><br>V.<br><br>ECOMMISSION FINANCIAL SERVICES, INC., COMMERCIAL ASSET INVESTIGATIONS, LLC, GREENBERG, GRANT & RICHARDS, INC., AND TRAVELERS CASUALTY & SURETY CO. OF AMERICA<br><br>*DEFENDANT* | ADV. NO. 10-5074-C |

**ORDER DENYING MOTION TO DISMISS**

CAME ON for consideration the motion of eCommission Financial Services, Inc., Commercial Asset Investigations, LLC, and Greenberg, Grant & Richards, Inc., defendants to

dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in bankruptcy cases under Rule 7012 of the Federal Rules of Bankruptcy Procedure, together with the response to said motion filed by the plaintiff. On consideration thereof, the court concludes that the motion to dismiss should be denied.

The motion in effect asks the court to consider matters beyond the four corners of the complaint (though it purports not to). In the motion, the defendants in effect contend that the plaintiff referred to an alleged Agent Master Agreement in her complaint, referring to pages 2 and 3 of the complaint, paragraphs 7 and 9. The court has reviewed those two paragraphs. Neither of them mentions an Agent Master Agreement. In addition, the alleged Agent Master Agreement was not attached as an exhibit to the complaint.

The court can, on a motion to dismiss, treat exhibits that are attached to a complaint as part of the complaint. *See In re Financial Acquisition Partners, LP,* 440 F.3d 278, 286 (5th Cir. 2006); *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). When doing so, the court is *not* converting the motion to a summary judgment motion. Instead, the contents of the attachments are treated as part of the allegations asserted. *See Labajo v. Best Buy Stores, L.P.,* 478 F.Supp.2d 523, 528 (S.D.N.Y. 2007). Here, however, the document to which defendants make reference is *not* attached to the complaint. It is not even "incorporated by reference," assuming that it could come within the court's purview on a Rule 12 motion by such means. *See Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2nd Cir. 1993).

Thus, the motion, without expressly saying so, actually invites the court to be treated as one for summary judgment. *See* FED.R.CIV.P. 12(d). The court is not obligated to accept that invitation however. Instead, the court has the *discretion* to consider, or not to consider, materials attached to a movant's Rule 12 motion, and to then treat the motion as one for summary judgment. *See Ware*

*v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980). If the court were to so treat the pleading, then the court would be obligated to advise the opposing party of that intention, and to give that party an appropriate opportunity to respond with controverting evidence. *See Hernandez v. Coffey, C.O.*, 582 F.3d 303, 307 (2nd Cir. 2009).

The court is not so inclined in this case. The defendants' motion hinges on this court's accepting as authentic the Agent Master Agreement attached to the motion. The plaintiff, in response to the motion, raises real issues regarding the authenticity of the document – real enough to suggest that the court ought to consider sanctions.[1] Even if the document were otherwise authenticated, however, it would not alone justify dismissal under Rule 12. There might well be more regarding the true nature of the loan than the self-serving recitations in a loan document. We are not, after all, speaking here of enforcing or not enforcing the agreement itself (and thereby being confined to the four corners of the document absent ambiguity). We are instead speaking of *characterizing* the loan itself, for purposes of determining liability under various debt collection practices statutes. That means that a good deal of evidence beyond this document might be relevant.

Of course, converting the motion to one for summary judgment at this stage, given the nature of the assertions made by the defendants would have the effect not only of converting this motion to dismiss into one for summary judgment but also of converting the motion into a *no evidence* motion for summary judgment before the plaintiff has even had the opportunity to develop evidence through discovery. Such a motion is entirely inappropriate before an answer has been filed, much less before discovery has even been pursued. *See* FED.R.CIV.P. 56(f); *see also Foresta v.*

---

[1] The court declines that invitation because there is no showing that the plaintiff has afforded the defendants the fair opportunity to withdraw the offending pleading as a preliminary to seeking sanctions under Rule 9011. *See Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586 (5th Cir. 2008). The court of course has the right to set a sanctions matter on its own motion, and the court is not similarly constrained. The court does not believe it appropriate for a party to evade (or even avoid) the requirements imposed by the Rule and the Fifth Circuit's decision construing that rule by the *fiat* of tattling on the alleged offending party. However, the court may well take up this matter on its own should it come out later during the course of this litigation that the document in question was in fact fabricated.

*Centerlight Capital Management, LLC*, 2010 U.S.App. LEXIS 10811, at * 8 (2nd Cir. May 27, 2010); *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2nd Cir. 1989) (nonmoving party should not be railroaded into an offer of proof in opposition to summary judgment).

The court declines to consider the materials attached to the motion to dismiss. The court declines to treat the defendants' motion as one for summary judgment. Accordingly, the court also declines to grant the motion to dismiss. The defendants shall file their answer within 20 days of the date of entry of this order.

# # #